**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | Case No. 04 CR 709 |
| | ) | |
| **ROBERT COLLINS** | ) | |

**CORRECTED
MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

In December 2005, the Court sentenced Robert Collins to a 210 month prison term on a narcotics charge. Mr. Collins has made what the Court construes as an oral motion to modify or correct the sentence. For the reasons stated below, the Court denies that request. The Court will, however, treat Mr. Collins' request as a motion under 28 U.S.C. § 2255 and proceed accordingly.

**Background**

At the time the Court imposed sentence, Mr. Collins was already serving a prison term in the Illinois Department of Corrections. He was brought to this Court in November 2004 on a writ of habeas corpus *ad prosequendum* and remained here through the conclusion of the case.

At the sentencing hearing, the Court asked counsel whether Mr. Collins would receive credit against his state sentence for the time he had spent in federal custody awaiting disposition of his case, or whether he would get state credit only for the time he had spent in state custody. The prosecutor stated that he did not know; defense counsel and the probation officer both stated that they believed that Mr. Collins was

accruing credit against his state sentence. The Court stated, "Presumably that is because he is here on a writ and not serving a sentence." Dec. 12, 2005 Tr. 8.

The Court then asked whether Mr. Collins would get credit against his federal sentence for the time he had been in federal custody awaiting disposition of his case. The probation officer said, "I don't believe so. . . . In my experience, that has not been happening. I had a sentence last week where the Judge provided credit for that time." *Id.* 9. The Court asked again, "If I impose a prison sentence on Mr. Collins, will he get credit against that prison sentence for the time that he has been here, since he was writted over here in November of last year?" The prosecutor said, "I believe so." The Court, evidently having misunderstood the probation officer, said, "Ms. Brown thinks so." The probation officer replied, "I don't think so. This was an issue last week [in another case]. The Guideline range was eighty to eighty-nine months. The Judge went to the low end rather than the high end to compensate." *Id.* Defense counsel did not state his views. The Court went on to discuss with the parties the issue of whether the sentence it imposed should be concurrent or consecutive with Mr. Collins' state sentence.

> The Court orally imposed sentence as follows:
>
> The sentence is going to be two hundred and ten months. I am going to make that concurrent with the State term. I don't think a consecutive term is required. It is a really severe prison term.
>
> I am also going to give Mr. Collins - - the J&C order will provide that Mr. Collins get[s] credit for the sentence, for the time that he served in Federal custody since November 3, 2004.
>
> Here is what that means, basically, so you have a feel for it. Two hundred and ten months sentence. Assuming you don't mess up and get your good time, you will get your good time. You will do about - - well, that takes it down to about one hundred and seventy-six or one hundred and

> seventy-seven months. You are getting credit for the thirteen months you have done. That takes it down to about one hundred and sixty-four. It is going to be concurrent with your State sentence, rather than consecutive .
> . . .

*Id.* 20-21. In other words, the Court ordered that Mr. Collins was to receive credit for the time he had served in federal custody since being brought before the Court on the writ. This provision of the Court's oral ruling was incorporated into the written sentencing judgment, though with a scrivener's error noted below.

In mid-December 2009, the Court received a letter from the Chief of the Federal Bureau of Prisons' Designation and Sentence Computation Center. The letter referenced the Court's directive that Mr. Collins receive credit toward the service of his federal sentence beginning November 3, 2004, and stated as follows:

> As a sentence cannot begin prior to its imposition, the Bureau of Prisons (Bureau) calculated Mr. Collins' sentence to run concurrent to his state sentence beginning on the date of imposition (December 12, 2005). In addition, the Bureau awarded the credit ordered by the Court. However, credit for the period of November 3, 2004, through December 11, 2005, is prohibited by Title 18 U.S.C. § 3585(b), as it was credited toward the service of another sentence.
>
> The Bureau recognizes the Court's authority to apply credit under U.S.S.G. § 5G1.3, through an adjustment to the term imposed under § 5B1.3(b), or a downward departure under § 5G1.3(c). If it were the Court's intent to impose an adjusted sentence taking the above period into consideration, an amended order imposing a 194-month, 21-day sentence would achieve the desired result.

Letter from D. Sauers, Dec. 21, 2009.

The Court entered an order on January 21, 2010 advising counsel of the letter and setting the case for a status hearing in mid-February. At the status hearing, Mr. Collins' appointed counsel requested a correction or modification of the judgment as suggested by the BOP representative's letter. The Court requested that counsel obtain

3

the transcript of the sentencing hearing. At a follow-up status hearing, defense counsel again requested correction or modification of the judgment. The Court asked the parties to submit authority regarding whether the Court may now correct the sentence. The parties have now done so.

## Discussion

The Bureau of Prisons (BOP) has correctly calculated Mr. Collins' good time credits. The statute the BOP representative cited in his letter provides that a defendant shall be given credit toward the service of a prison term for "any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). Mr. Collins was already serving his state sentence when he was indicted in this case. He was brought to this court on a writ and remained in federal custody until his case was concluded. But because he was in federal custody only on a writ, Mr. Collins was given credit against his state sentence for the time he served in federal custody awaiting disposition of the case. As a result, his time here was credited against another sentence. For this reason, under section 3585(b), that time could not also be credited against his federal sentence.

The Court intended that Mr. Collins receive credit on his sentence in this case for the time he had served in federal custody while awaiting disposition of the case. As the BOP representative noted in his letter, the Court could have carried out that intent by imposing a shorter sentence to account for the time Mr. Collins had spent in federal custody on the writ of habeas corpus *ad prosequendum*. The Court did not do that, however. Instead, the Court directed that Mr. Collins be given credit for the time he had

4

already served in federal custody.  In doing so, the Court made an error, and a serious one.  The Court apologizes to Mr. Collins for making that error, though that likely will be small consolation to him.

Unfortunately, however, the Court is powerless at this juncture to modify the judgment that it entered.  The Federal Rules of Criminal Procedure impose strict limitations on a court's ability to amend or correct a sentence once it is imposed.  A federal statute, 18 U.S.C. § 3582(c), provides that a court "may not modify a term of imprisonment once it has been imposed," except as permitted by Rule 35 or in other circumstances that do not exist in this case.  Rule 35(a) permits a court to correct a sentence "that resulted from arithmetical, technical, or other clear error."  This sentence would qualify for correction under Rule 35(a), but that Rule says that a correction may be made only "[w]ithin 14 days after sentencing."  Fed. R. Crim. P. 35(a).  (This version of Rule 35(a) represents a significant change from prior law, which was more flexible on the timing for correction of sentences like this one that are illegal.  *See, e.g., United States v. Clark*, 538 F.3d 803, 810-11 (7th Cir. 2008).)  The only other modification permitted under Rule 35 involves a defendant's substantial assistance to the authorities, which does not apply in Mr. Collins' case.  *See* Fed. R. Crim. P. 35(b).

The only other Rule of Criminal Procedure allowing a court to change a judgment in a criminal case after it is entered is Rule 36, which provides:  "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Mr. Collins argues that the Court can correct its error via Rule 36.  The government disagrees.

5

In his submission, Mr. Collins cites three principles regarding the application of Rule 36. All of these are accurately stated, but none of them applies to this case. First, when there is a discrepancy between the sentence pronounced orally and the written judgment, the oral sentence controls, and if the written judgment is initially prepared in a way inconsistent with the oral sentence, Rule 36 permits modification of the judgment. *See, e.g., United States v. Augustino*, 132 F.3d 1183, 1200 (7th Cir. 1997); *see also, United States v. Becker*, 36 F.3d 708, 710 n.2 (7th Cir. 1994). In this case, however, the judgment said what the Court pronounced at sentencing. Specifically, it included the 210 month prison term, the provision for the sentence to run concurrently with the state sentence, and the statement that "[d]efendant is to receive credit against [sic] time served in federal custody since November 3, 2004." Judgment, pp. 2 & 3. The word "against" was a scrivener's error – it should have said "for" – but the mistake did not cause any misunderstanding: BOP's letter reflects that it understood what the Court meant. In any event, correction of this single word in the judgment would do Mr. Collins no good, because the judgment would be no more compliant with 18 U.S.C. § 3585(b) after the correction than before.[1]

Second, Mr. Collins correctly notes that a court may correct the final judgment to reflect the sentence actually imposed. *See, e.g., United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006). But the same case Mr. Collins cites goes on to say that

---

[1] It occurred to the Court that correction of this clerical error might restart the time for appeal, which would give Mr. Collins a more direct remedy for the improper sentence the Court imposed. It appears, however, that a clerical error correction under Rule 36 does not restart the time for an appeal. *See United States v. Lewis*, 921 F.2d 563, 565 (5th Cir. 1991).

> if the [judgment] order accurately reflects the judge's decision, however mistaken . . . it cannot be corrected because none of the statutory provisions authorizing the sentencing judge to modify a sentence that he has imposed is applicable to such a case. A district judge may still correct a final judgment in a criminal case to reflect the sentence he actually imposed but he cannot change the sentence he did impose even if the sentence was erroneous.

*Id.* The latter of these possibilities describes this case. The sentence was erroneous, but it was accurately stated in the judgment. Modification is thus not appropriate beyond the fourteen day limit in Rule 35(a).

Finally, Mr. Collins notes that if the Court's order is omitted in the written judgment, the error can be corrected under Rule 36. But, as the Court has explained, that is not what happened. Rather, what happened fits within *Becker*'s description of the type of case in which "correction" is not allowed:

> If a defendant is in fact arguing that his problem lies in the translation from the district court's original sentence to the formal written commitment order, then Rule 36 applies; but if the defendant is raising a problem that is substantive in nature, even if it is mechanical or computational – then Rule 35 governs.

*Becker*, 36 F.3d at 710 n.2.

For these reasons, the Court concludes that it lacks the authority to modify Mr. Collins' sentence via a motion under Rule 36.

There is one other potential remedy, though it is unclear whether it would enable Mr. Collins to obtain the relief he seeks. Specifically, Mr. Collins may wish to pursue his request as a motion under 28 U.S.C. § 2255 to vacate the sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." The Court expresses no opinion on whether a section 2255 motion would have merit or on whether pursuing such a motion might expose him to negative consequences of some

7

sort. Those are issues that he will need to discuss with counsel.

Among other problems, a one year statute of limitations applies to section 2255 motions. *See* 28 U.S.C. § 2255(f). The one year period starts to run from the latest of four dates: the date on which the judgment became final; the date on which an unconstitutionally imposed impediment is removed; the date on which the right claimed was first recognized; or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(1)-(4). The only one of these trigger dates that might help Mr. Collins is the last one. There is no guarantee, however, that it will apply in his case.

But that is an issue for another day. For the time being, the Court is denying Mr. Collins' request to the extent it is made under Rule 36 but will also construe his request as a motion under 28 U.S.C. § 2255, unless Mr. Collins advises the Court that he does not want to take that route. (If Mr. Collins decides to pursue a section 2255 motion, the Court and the parties will have to figure out how to assign the case a separate "CV" docket number.) To assist Mr. Collins in making this decision, the Court will appoint new counsel to represent him.

## Conclusion

For the reasons stated above, the Court denies Mr. Collins' oral motion to modify or correct the sentence. The Court will take steps to appoint another counsel for Mr. Collins. The case is set for a further status hearing, on May 5, 2010 at 1:30 p.m.

_____
MATTHEW F. KENNELLY
Date: April 14, 2010 (corrected April 26, 2010)     United States District Judge

8